UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GARY STEPHENS AND DAVID SEALEY,

                Plaintiffs,

   -against-

CITY OF NEW YORK, DANIEL WOODS,
and JOHN DOES 1-4,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**PLAINTIFFS DEMANDS
A TRIAL BY JURY**

Plaintiffs Gary Stephens and David Sealey, by their attorneys, Lumer & Neville, as and for their complaint, hereby allege as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiffs were adult residents of Kings County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Daniel Woods (Tax Reg.: 939710), was employed by the City of New York as a member of the NYPD. Daniel Woods is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendants John Doe 1

through 4, were employed by the City of New York as members of the NYPD. The Doe defendants' identities are unknown to plaintiffs at this time. The Doe defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, <u>et</u> <u>seq</u>. in the Eastern District of New York, where the plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## **RELEVANT FACTS**

7. On January 28, 2014, at or about 9:30 p.m., plaintiff David Sealey was lawfully driving a vehicle in Kings County. David Sealey was sitting in the driver's seat of the vehicle, and plaintiff Gary Stephens was in the passenger seat.

8. An NYPD vehicle pulled up behind the vehicle, and directed the plaintiffs to pull over. Once the plaintiffs pulled over, two uniformed police officers – one of whom was Daniel Woods – approached the van, and claimed that the brake lights were not working.

9. The representation that the van's brake lights were broken was a fabrication as the brake lights were working properly and there was no reasonable basis for Woods to believe they were not.

10. Without receiving consent from the plaintiffs, the individual defendants

proceeded to search the vehicle. The van contained a variety of items, including shopping carts and chairs, all of which had been given to them by their friend, the superintendent at a nearby building.

11. Despite the fact that plaintiffs had not broken any laws, the individual defendants proceeded to pat them down, handcuff them, and place them under arrest.

12. The plaintiffs were eventually brought to a local area NYPD station house, where their arrests were processed.

13. After several hours, the plaintiffs were given desk appearance tickets ("DAT"s), issued by Daniel Woods, and were eventually released.

14. On April 17, 2014, the return date on the DATs, both plaintiffs agreed to accept an adjournment in contemplation of dismissal, and on October 16, 2014, all charges were dismissed against the plaintiffs.

15. While plaintiffs were imprisoned by the defendants, the individual defendants completed arrest paperwork in which they alleged that the plaintiffs' van had been stopped and detained on account of broken brake lights.

16. This allegation was false and the individual defendants knew it to be false at the time it was made. Plaintiffs' vehicle did not have broken brake lights.

17. The individual defendants forwarded this false allegation to the Kings County District Attorney ("KCDA") in order to justify the plaintiffs' arrest, and to persuade the KCDA to commence the plaintiffs' criminal prosecution.

18. The individual defendants knew and understood that the KCDA, in

evaluating whether to commence a criminal prosecution against the plaintiffs, was relying on the truthfulness of their claims and statements, and was assuming that all of these factual statements and claims were truthful in all material respects.

19. The individual defendants further knew and understood that they were obligated to provide any and all exculpatory information to the KCDA and that they were expected to turn over to or otherwise provide the KCDA with all material information concerning the plaintiffs' arrest, regardless of whether it was inculpatory or exculpatory.

20. As a direct result of the false allegation made by the individual defendants, the plaintiffs were criminally charged by the KCDA under docket number 2014KN024654.

21. At no time prior to or during the encounter did defendants have any lawful basis for stopping and detaining the plaintiffs, nor was it reasonable for the defendants to believe that such cause existed.

22. At no time prior to or during the encounter did defendants have sufficient legal cause to search the plaintiffs' vehicle, nor was it reasonable for the defendants to believe that such cause existed.

23. At no time prior to or during the encounter did defendants have probable cause to arrest the plaintiffs, nor was it reasonable for the defendants to believe that probable cause existed.

24. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual

defendant against the plaintiffs.

25. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

26. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

27. Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

28. Defendants willfully and intentionally seized and searched plaintiffs' vehicle, without probable cause, and without a reasonable basis to believe such cause existed.

29. Defendants willfully and intentionally stopped, seized, searched, detained, and arrested plaintiffs, and caused them to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

30. Defendants willfully and intentionally fabricated evidence by falsely claiming that the plaintiffs were driving a van with a broken brake light, when they knew this to be untrue, and then forwarded these materially false factual claims to the KCDA in order to justify their arrest of the plaintiffs, and to justify, bring about and cause the deprivation of

the plaintiffs' liberty and their criminal prosecution by the KCDA.

31.     Those officers that did not personally forward such false and fabricated evidence to the KCDA, knew and understood that other officers were fabricating evidence or withholding material facts from the KCDA, and failed to intervene in this misconduct.

32.     By so doing, the individual defendants, individually and collectively, subjected the plaintiffs to (i) false arrest and imprisonment, (ii) unlawful searches of person and property, and (iii) deprivation of their rights to a fair trial, and thereby violated and aided and abetted in the violation of plaintiffs' rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

33.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional injuries, mental anguish, the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

34.     Plaintiffs hereby reallege and incorporate by reference all of the preceding paragraphs as though they were fully set forth herein.

35.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

36.     Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of

their authority, abuse of arrest powers, fabrication of evidence, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

37. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrests.

38. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

39. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct

by those officers.

40. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated the plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States.

41. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

42. Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of the plaintiffs' constitutional rights.

43. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused the plaintiffs to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of their constitutional rights.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated: New York, New York
September 15, 2015

    LUMER & NEVILLE
Attorneys for Plaintiffs

By: _____
Michael Lumer (ML-1947)
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060